**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
UNITED STEEL, PAPER & FORESTRY,         :  CIVIL ACTION NO. 12-940 (MLC)
RUBBER, MANUFACTURING, ENERGY,          :
ALLIED INDUSTRIAL & SERVICE             :        O P I N I O N
WORKERS INTERNATIONAL UNION,            :
AFL-CIO/CLC,                            :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :
ALBERT FULLER,                          :
                                        :
        Defendant.                      :
                                        :
```

**THE PLAINTIFF** ("Union") brings this action against the defendant — Albert Fuller, who controls an entity named Integrated Packaging Corporation ("IPC") — to recover wages and benefits owed to employees ("Employees") of IPC and Fuller ("Wage Action"). (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.) Fuller removed the action from state court on February 16, 2012, arguing that the claims are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Rmv. Not. at 2.)[1]

**THE UNION** moves to remand the action ("Motion"), arguing that its claims are not completely preempted by the LMRA because (1) the Complaint relies on state law only, i.e., the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, et seq., and

---

[1] Fuller also asserted in the Notice Of Removal that the action was removable under 28 U.S.C. § 1332, but now abandons that assertion. (Compare Rmv. Not. at 1-2, with dkt. entry no. 8, Fuller Br. at 2 n.1.)

New Jersey common law, and (2) this Court will not be required to interpret the collective bargaining agreement ("CBA") covering the Employees in resolving the dispute.  (Dkt. entry no. 5, Union Br. at 4, 6-8.)[2]  Fuller, in a brief filed on April 2, 2012, opposes that argument, and also asserts for the first time that the action is removable based on preemption under the Employee Retirement Income Security Act ("ERISA").  (See Fuller Br. at 8-9.)  This Court will grant the Motion.

**THE MANNER** in which the complete preemption doctrine permits removal under the LMRA — even though no federal question appears on the face of a complaint — is well-settled and well-stated elsewhere, and need not be repeated here.  See, e.g., O'Keefe v. Hess Corp., No. 10-2598, 2010 WL 4102848 (D.N.J. Oct. 15, 2010), adopting, No. 10-2598, 2010 WL 3522088, at *3-4 (D.N.J. Sept. 1, 2010) (Magistrate Judge's Report & Recommendation discussing Livadas v. Bradshaw, 512 U.S. 107 (1994); Lingle v. Norge Div. of Magic Chef, 486 U.S. 399 (1988); Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463

---

[2]  The Union also argues that the Notice of Removal is defective because the language used by Fuller — "the [LMRA], 29 U.S.C. § 185 preempts claims asserted by Plaintiff" — does not include the phrase "complete preemption".  (See Rmv. Not. at 2; Union Br. at 5-6.)  This Court acknowledges that argument, but finds it to be without merit and will not address it.  See 28 U.S.C. § 1446(a) (requiring Notice of Removal contain "short and plain statement of the grounds for removal").

U.S. 1 (1983); and Lazorko v. Pa. Hosp., 237 F.3d 242 (3d Cir. 2000)).

**THE CLAIMS HERE** are not completely preempted by the LMRA, as any determination on Fuller's potential liability will not require an interpretation of the CBA.  Indeed, the allegation of liability is based on straightforward state law concepts: an individual controlling a company failed to give vacation pay and pay in lieu of holiday pay to employees, and converted premiums meant to pay for medical benefits, and thus violated the NJWPL and New Jersey common law.  (See Compl. at 3-4.)  See Snyder v. Dietz & Watson, Inc., 837 F.Supp.2d 428, 448 (D.N.J. 2011) (finding resolution of NJWPL claim would not require CBA interpretation, as claim existed independently of CBA); O'Keefe, 2010 WL 4102848, at *1 (adopting Report & Recommendation that claim seeking to impose liability under New Jersey Wage & Hour Law does not give rise to preemption, regardless of the potential reference to the CBA to calculate damages).

**THE COURT REJECTS** Fuller's argument that the Wage Action is also preempted by ERISA, as that proffered basis for removal is time-barred.  See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.11, 206 n.13 (3d Cir. 2003) (stating notice-of-removal amendments adding completely new jurisdictional grounds outside of thirty-day period within which action may be removed under 28 U.S.C. § 1446(b) are time-barred); Kovach v. Coventry Health Care,

3

No. 10-536, 2011 WL 284174, at *5-6 (W.D. Pa. Jan. 25, 2011) (stating notice-of-removal amendment after thirty-day period is only permitted to clarify removal ground that already has been stated in original notice, and may not add completely new removal ground, even if court rejects the original basis of removal).

**THIS COURT**, even if denying the Motion, would have directed the parties to proceed in state court nonetheless. The Union included with its initial pleadings a certification stating that IPC has instituted a proceeding seeking relief pursuant to the New Jersey Assignment for the Benefit of Creditors Act ("NJABC"), N.J.S.A. § 2A:19-1, et seq., in New Jersey state court ("State Proceeding"), and that the Union has filed claims on behalf of IPC's employees therein. (See Compl., Certification annexed thereto.)[3] Also, this Court has been informed in a related action that an assignee has been appointed by the New Jersey state court. See Deloatch v. Integrated Packaging Corporation, D.N.J. No. 11-2265, dkt. entry no. 37, Def. Br., Ex. B, State Ct. Order Authorizing Assignee To Continue Assignor's Business (concerning Assignee Charles A. Stanziale, Jr., who is acting for the benefit of IPC's creditors). The assignee is charged with recovering or reaching assets for the benefit of the creditors, and a plaintiff

---

[3] This Court notified the parties that "this Court may decide to either abstain in [the Wage] Action or issue a stay in [the Wage] Action", if the Motion were to be denied. (Dkt. entry no. 7, Notice at 2.)

can seek relief as part of the NJABC process.  See N.J.S.A. § 2A:19-14.  Furthermore, this Court has determined through an independent examination of the state court docket that the assignee in the State Proceeding is aggressively pursuing the interests of IPC's creditors by, inter alia, seeking recovery from Fuller.  See Stanziale v. Fuller, No. L-3979-12 (N.J. Super. Ct., Middlesex Cnty.).

**ALTHOUGH** the NJABC does not contain an automatic stay provision, this Court would have exercised the discretion to direct the parties to litigate the claims asserted in the Wage Action as part of the proceeding brought under the NJABC.  See Abondolo v. Jerry WWHS Co., 829 F.Supp.2d 120, 127 (E.D.N.Y. 2011) (stating, as to assignment proceeding brought under New York law, whether to impose stay in favor of an assignment proceeding remains matter of judicial discretion); DiMaria v. Goor, No. 09-1011, 2010 WL 3923227, at *9-13 (E.D.N.Y. Sept. 30, 2010) (abstaining from adjudicating claims that were related to NJABC proceeding); cf. 11 U.S.C. § 362.  "There is nothing manipulative or improper about an assignment for the benefit of creditors".  In re Short Hills Caterers, No. 08-18604, 2008 WL 2357860, at *6 (Bankr. D.N.J. June 4, 2008) (discussing NJABC). An assignee, on behalf of the creditors, must seek to void any transfer of assets by the assignor to others, but a creditor may independently seek such relief in the state court overseeing the

NJABC proceeding if an assignee refuses to act.  <u>Id.</u>  Thus, in view of this Court's inherent power to control its own docket and the goal of conserving judicial resources, this Court would have directed the parties to litigate these claims in state court in conjunction with the State Proceeding.  For good cause appearing, the Court will issue an appropriate order and judgment.

                                             <u>s/ Mary L. Cooper</u>
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  August 8, 2012